# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Abigail P. Allocco, Respondent.

Appellate Case No. 2016-001472

---

Opinion No. 27659
Submitted August 9, 2016 – Filed August 24, 2016

---

## DEFINITE SUSPENSION

---

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina
C. Todd, Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Abigail P. Allocco, *Pro Se*.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
a public reprimand or a definite suspension not to exceed nine months.[1]  As a
condition of discipline, respondent agrees to complete the Legal Ethics and
Practice Program Law Office Management School within one year of the issuance
of a sanction, if a public reprimand is issued, or prior to reinstatement if her license
is suspended.  Respondent has previously completed the other portions of the Legal
Ethics and Practice Program.  Respondent also agrees to pay the costs incurred by
ODC and the Commission on Lawyer Conduct in investigating and prosecuting
this matter within thirty days of discipline being rendered.  We accept the

---

[1] Respondent has a disciplinary history that consists of a confidential admonition issued on May
4, 2011, arising from previous misconduct in North Carolina.  In addition to citing Rules 5.5(a),
8.4(a), and 8.4(d) of the Rules of Professional Conduct, Rule 407, SCACR, *infra*, the admonition
indicated respondent failed to comply with North Carolina's rule regarding safekeeping of
property.

Agreement and suspend respondent from the practice of law in this state for nine months. The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent is licensed to practice law in South Carolina, but has never been licensed to practice law in North Carolina. In November 2009, the Authorized Practice Committee of the North Carolina State Bar issued a letter of caution to respondent finding probable cause that she had engaged in the unauthorized practice of law in violation of that state's statutory law and its rules of professional conduct. The letter instructed respondent to cease and desist providing legal services in the state on a systematic and continuous basis. The letter also stated the committee expected respondent to promptly withdraw her firm's interstate law firm registration on file with North Carolina and noted the registration did not authorize her to practice law in the state or hold herself out as able to do so. However, respondent did not withdraw her law firm's registration and later changed the firm's name to reflect her own name change.

In 2011, respondent entered into an agreement for discipline by consent in South Carolina for her conduct underlying the North Carolina State Bar's letter of caution. As a result of the agreement, this Court issued the confidential admonition referenced in footnote 1.

In April 2014, respondent conducted a closing for the purchase of residential property in North Carolina. The purchaser, whom respondent represented, subsequently filed a complaint against respondent with the North Carolina State Bar and the South Carolina Commission on Lawyer Conduct.

In February 2015, the Authorized Practice Committee of the North Carolina State Bar again issued a letter of caution, finding probable cause that respondent had engaged in the unauthorized practice of law. The committee found respondent provided the complainant with legal advice and services and held herself out in numerous emails and communications with the complainant as having a law office in North Carolina. The committee also found respondent negotiated with the seller's attorney on the complainant's behalf, holding herself out as an attorney licensed in North Carolina in the process. The committee demanded respondent stop engaging in the unauthorized practice of law and requested respondent respond to the letter of caution within fifteen days; however, respondent did not respond as requested.

Approximately six weeks after closing, the complainant began inquiring by email and telephone about the title insurance policy that was supposed to have been purchased. Although the complainant initially received responses, respondent's law firm did not obtain the policy, did not adequately follow up on the issue, and later stopped responding to the complainant's inquiries.

Respondent states she thought her paralegal was handling the issue of the outstanding policy, as well as keeping the complainant informed, but respondent failed to supervise the paralegal and later learned that was not the case. Respondent learned about the paralegal's failure to handle the policy issue approximately four months after the closing, at which time respondent told the complainant she would take care of the issue herself. However, respondent became busy and the complainant's concerns "fell through the cracks."

After the complaint was filed in this matter, respondent contacted the title insurance company to learn what steps needed to be taken to secure the policy. However, after taking some action, which she did not document, respondent did not follow up and erroneously assumed the policy had been issued. Respondent did not investigate further until after ODC made multiple inquiries about the status of the policy. Respondent secured the policy in September 2015, well over a year after the closing. Respondent states she mailed the complainant the original policy with no cover letter and did not follow up to ensure he received it. When advised by ODC that the complainant did not receive the policy, respondent arranged for another copy to be mailed to him, which he received.

The complainant filed suit against respondent in North Carolina. Respondent appeared in the matter and has paid the $575 judgment the court awarded to the complainant.

## Law

Respondent admits that her conduct violated Rule 5.5(a) of the South Carolina Rules of Professional Conduct, Rule 407, SCACR (a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction). In addition, respondent admits her conduct violated the following North Carolina Rules of Professional Conduct: Rule 1.3 (diligence); Rule 1.4 (communications); Rule 5.3 (supervision of non-lawyers); and Rule 5.5(b) (prohibiting a lawyer not licensed in North Carolina from establishing an office or other systematic and continuous presence in the state and also prohibiting the lawyer from holding herself out as admitted to practice law in North Carolina).

Finally, respondent admits these violations constitute grounds for discipline under Rules 7(a)(1) and (2), RLDE.

## Conclusion

We hereby suspend respondent from the practice of law in this state for nine months. Respondent shall complete the Legal Ethics and Practice Program Law Office Management School prior to reinstatement. Respondent shall also pay the costs incurred by ODC and the Commission on Lawyer Conduct in investigating and prosecuting this matter within thirty days of the date of this opinion.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**